F I L E D
United States Court of Appeals
Tenth Circuit

October 23, 2006

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EUGENE T. FOUST,

      Plaintiff - Appellant,

v.

RONALD J. CHAMPION;
STATE OF OKLAHOMA,

      Defendants - Appellees.

No. 06-5059
(D.C. No. 89-CV-611-TCK)
(N.D. Okla.)

---

**ORDER DENYING A CERTIFICATE
OF APPEALABILITY**

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

---

Eugene Foust, a state prisoner proceeding pro se, appeals the district court's denial of his motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4). For substantially the same reasons set forth by the district court we **DENY** a certificate of appealability (COA), **DENY** the implied application to file a successive habeas petition, and **DISMISS**.

In his Rule 60(b)(4) motion, Foust sought relief from the district court's Order of March 26, 1993, dismissing his habeas petition due to his failure to exhaust claims in the Oklahoma state courts. Foust asserts that the district court's failure to address his ineffective assistance of counsel claim was a "plain

usurpation of judicial authority" and "null and void in toto ab initio," thus warranting relief under Rule 60(b)(4).

In Spitznas v. Boone, No. 05-6236, 2006 WL 2789868 (10th Cir. Sept. 29, 2006), we clarified this court's treatment of Rule 60(b) motions in the habeas context pursuant to the Supreme Court's decision in Gonzalez v. Crosby, 545 U.S. 524 (2005). We held that a "true" 60(b) motion either "(1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application . . . or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." Spitznas, 2006 WL 2789868, at *1. If the district court correctly treats a petitioner's motion as a Rule 60(b) motion and denies it, we then require the petitioner to obtain a COA before proceeding with her appeal. Id. at *3. In cases of "mixed" 60(b) motions containing both true Rule 60(b) allegations and second or successive habeas claims, the district court "should (1) address the merits of the true Rule 60(b) allegations as it would the allegations in any other Rule 60(b) motion, and (2) forward the second or successive claims to this court for authorization." Id. at *2.

In this case, Foust asserts a number of grounds for relief. His first – that the district court "committed a 'plain usurpation of judicial authority' when it issued its Order of March [26, 1993] dismissing the petition[] for writ of habeas

corpus <u>without</u> giving the petitioner a '<u>full</u> <u>and</u> <u>fair</u> <u>opportunity</u>' to present his claims" – falls under the first category of true Rule 60(b) motions because it challenges only a procedural ruling of the district court that precluded a merits determination.  The district court properly permitted this portion of the Petitioner's motion to proceed under Rule 60(b)(4), and then denied the motion. Following the procedures set forth in <u>Spitznas</u>, we now determine whether to issue Foust a COA to proceed with his appeal of this denial.   <u>Spitznas</u>, 2006 WL 2789868, at *3.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For claims arising from a procedural ruling of the district court, a COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Here, the district court properly denied the Rule 60(b)(4) motion seeking relief from the March 26, 1993 order.  Rule 60(b)(4) provides relief from a judgment on the ground that "the judgment is void."  Fed. R. Civ. P. 60(b)(4).  A judgment is void "only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due

process of law," and not merely because it is erroneous. <u>In re Four Seasons Sec. Laws Litig.</u>, 502 F.2d 834, 842 (10th Cir. 1974).

The district court's Order of March 26, 1993 is neither void nor erroneous. Because the petitioner had not previously presented his claims to the Oklahoma Court of Criminal Appeals, the district court was required to dismiss the petition for failure to exhaust state remedies. Accordingly, jurists of reason would not debate the correctness of the district court's denial of the petitioner's Rule 60(b)(4) motion, and we thus decline to issue a COA for this claim.

The remainder of Foust's motion challenges the state courts' jurisdiction, argues ineffective assistance of counsel during direct appeal, and asserts actual innocence of crimes for which he was convicted. Because these grounds attack the underlying state conviction and not a procedural ruling or defect of the district court, they constitute successive habeas claims and cannot proceed under Rule 60(b). We instead construe this portion of Foust's appeal as an application to file a successive habeas application under 28 U.S.C. § 2254 as to these claims. <u>See</u> <u>Spitznas</u>, 2006 WL 2789868, at *4.

In order to receive authorization to file a successive habeas petition, an applicant must make a prima facie showing that he satisfies the criteria in § 2244(b)(2). When the applicant does not rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, he must show that:

(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(B).

A one-year period of limitation applies to successive habeas applications, running from the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). Foust presents no factual predicate discovered within one year of his filing for any of his remaining claims. Therefore, the implied application to file a successive § 2254 habeas application is **DENIED**, the request for a COA to appeal the denial of the 60(b) motion is **DENIED**, and the appeal is **DISMISSED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge