**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 24, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EUGENE T. FOUST,

　　　　Petitioner - Appellant,

　　v.

JUSTIN JONES,

　　　　Respondent - Appellee.

No. 07-5105

N. D. Okla.

(D.C. No. 07-CV-040-TCK-PJC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

　　Eugene T. Foust, a state prisoner appearing pro se,[1] seeks a Certificate of

Appealability (COA) with respect to the dismissal of his petition for habeas

corpus. The district court denied a COA. We likewise deny a COA and dismiss

this appeal.

　　On January 16, 2007, Foust filed a 28 U.S.C. § 2254 petition for writ of

habeas corpus, challenging – on twenty-two different grounds – two convictions

in Oklahoma state court in May 1998, which were affirmed by the Oklahoma

---

　　[1] We liberally review pro se pleadings. *See Beedle v. Wilson*, 422 F.3d
1059, 1063 (10th Cir. 2005).

Court of Criminal Appeals on June 21, 1993 and March 30, 1994, respectively. Foust did not petition for *writ of certiorari* to the U.S. Supreme Court in either case.

Foust is persistent. Prior to the instant petition, he filed six petitions for post-conviction relief in state court, all of which were denied. He also filed three federal petitions for habeas corpus, all of which were dismissed without prejudice for failure to exhaust state remedies. On August 23, 1999, he filed an amended habeas corpus petition, which was dismissed on June 25, 2000. On January 18, 2006, he filed a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure and an amended petition. The district court denied the requested relief; we denied a COA and dismissed Foust's appeal. *Foust v. Champion*, 201 Fed. Appx. 639 (10th Cir. 2006) (unpublished). We also denied Foust's implied application to file a successive § 2254 petition based on his failure to satisfy the one-year statute of limitations. *Id.* at 642.

The district court reviewed the current §2254 petition for timeliness. It concluded Foust's convictions became final before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the one year period for filing his federal habeas petition began to run on April 24, 1996. *See* 28 U.S.C. § 2244(d)(1); *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998). Thus, Foust had until April 24, 1997 to file a habeas corpus petition. The court recognized the limitations period would be tolled during the pendency of any

post-conviction or other collateral proceeding properly filed during the grace period under 28 U.S.C. § 2244(d)(2) and *Hoggro*, 150 F.3d at 1226, but determined Foust did not seek such relief during the grace period. Accordingly, the court ordered Foust to show cause why the action should not be dismissed as time-barred.

Foust responded to the order to show cause by arguing equitable tolling should apply because he was found to be insane and incompetent by a U.S. military tribunal on June 20, 1978, and was never subsequently adjudicated competent. He also claimed the limitations period should be tolled because he had limited access to Oklahoma case law while incarcerated in Florida. Finally, he argued he was actually innocent of the crimes for which he was convicted on account of his incompetence, thus entitling him to equitable tolling. The court rejected each of these arguments.

As to Foust's first argument, the court noted the record provided by Foust indicates "he struggled with mental health issues" in 1978, but "does not convince the Court that between April 24, 1996, and April 24, 1997, Petitioner was so incapable of rational thought that he could not take the necessary steps to file a petition for writ of habeas corpus."[2] (R. Vol. I, Doc. 10 at 6.) The court noted

---

[2] The record reveals the charges pending against Foust before a military tribunal were dropped on or about June 26, 1978. Foust underwent a psychiatric evaluation on August 15, 1978 at Walter Reed General Hospital and was diagnosed with post-traumatic stress disorder, manic-depressive disorder, dysthemia disorder, borderline personality disorder and possible nervous

Foust's frequent filings in both state and federal court belied his argument that he was incapable of rational thought. As to Foust's second argument, the court rejected his claim that insufficient access to relevant law would support equitable tolling, citing *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Finally, the court rejected Foust's claim of actual innocence, noting Foust had failed to present any new evidence calling his conviction into question.

In his application for a COA and proposed opening brief, Foust makes the same arguments he made before the district court. We issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). Where, as here, a claim arises from a procedural ruling, we may dispose of the application by considering only the procedural issue. *See id.* at 485.

---

breakdown. Foust was honorably discharged from the United States Air Force in August 1978. He was evaluated in September 1978 for determination of service connected disability. It was recommended that he receive a 100% disability rating. Foust claims he suffered a mental breakdown in June 1994 and did not receive adequate psychiatric care until August 25, 2006, but there is nothing in the record to support these claims. There are no medical or psychiatric records for the period from 1978 to the present.

The "equitable remedy [of tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *see also Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("AEDPA's one-year statute of limitations is subject to equitable tolling but only in rare and exceptional circumstances.") (quotations omitted). Foust has not introduced evidence of extraordinary circumstances sufficient to warrant this remedy, either here or before the district court.

While serious psychiatric problems may provide a basis for equitable tolling, Foust has not demonstrated he suffered from such problems during the relevant period (April 24, 1996 to April 24, 1997). And though he claims his incompetence "PREVENTS AND PRECLUDES [him] from communicating with the Courts" (Appellant's Opening Br. and Application for COA at 3(d)), his extensive filings conclusively suggest otherwise. The district court correctly observed that insufficient access to case law is not a grounds for equitable tolling; nor is actual innocence, where a petitioner presents no new evidence. *See Sellers v. Ward*, 135 F.3d 1333, 1338-39 (10th Cir. 1998). The district court's resolution of Foust's petition is not reasonably debatable and the issues he seeks to raise on appeal are not deserving of further proceedings.

We **DENY** a COA and dismiss Foust's nascent appeal.

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge